UNITED STATES v. IRVINE et al.

(District Court, D. Oregon. September 30, 1907.)

No. 4,941.

POST OFFICE—OFFENSES AGAINST POSTAL LAWS—INDICTMENT.

An indictment under Rev. St. § 3894 [U. S. Comp. St. 1901, p. 2659], for sending through the mails a newspaper containing an advertisement of a lottery or gift enterprise, or a complete or partial list of prizes awarded at the drawing of a lottery or gift enterprise, must aver, either specifically or by necessary intendment, the existence of a lottery or gift enterprise.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 71.

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

On Demurrer to Indictment.

James Cole, Asst. U. S. Atty.
Martin L. Pipes, for defendants.

WOLVERTON, District Judge. Defendants have interposed a demurrer to an indictment preferred under section 3894 of the Revised Statutes [U. S. Comp. St. 1901, p. 2659], inhibiting the depositing in the post office, or sending through the mails, of any newspaper containing any advertisement of any lottery or gift enterprise of any kind, offering prizes dependent upon lot or chance, or containing any list of prizes awarded at the drawing of any such lottery or gift enterprise, whether said list is of any part or of all the drawing.

The indictment charges a deposit in the post office, and a sending through and by means of the United States mails, of a certain newspaper known as "The Corvallis Times," which said newspaper then and there contained an advertisement of a lottery and gift enterprise offering prizes dependent upon lot and chance, and which said advertisement contained a list of prizes awarded at a drawing of said lottery and gift enterprise, and is in words and figures as follows, to wit: 'No. 243 took the $8 suit case. O. B. Connor, Carrier R. F. D. No. 2, held the lucky number. We have a few summer suits left which we are offering at 20 per cent. discount. A great bargain. Don't miss it. A. K. Russ, Corvallis, Oregon. The only exclusive dealer in men's furnishings.' "

Two points are made challenging the indictment, but it is only necessary at this time to notice one of them, as it determines the matter at issue. This one is that the indictment does not allege, either specifically or by necessary intendment, the existence of any lottery or gift enterprise. I think the point is well taken, and is fatal in its consequences. The case of United States v. Bailey (C. C.) 47 Fed. 117, is decisive of the question. I need but quote from that case:

"I do not think this indictment defective for failing to show how and in what manner the circulars set forth in the several counts concern a lottery.

It is sufficient, in my opinion, to charge in the words of the statute the fact that they do concern a lottery, without setting forth the evidence going to show that fact. But I think the indictment defective, because it fails to aver the existence of any lottery, or of an intention to hold any lottery or drawing for prizes to which the circulars set forth relate. The circulars upon their face do not show that they concern or in any way relate to a lottery. In such a case, the existence of a lottery, or of a scheme for a lottery, or of an intention to hold some lottery or drawing for prizes, to which the circulars relate, must be proved by other evidence than the circulars themselves. The fact should therefore be averred."

As a general rule, indictments or informations charging misdemeanors only are sufficient if drawn in the language of the statute. But there can be no advertisement of a lottery or gift enterprise such as is contemplated by the statute unless such a device or scheme exists. It is essential therefore that the existence must be alleged, as it must be proven to establish the offense. The matter advertised does not bear upon its face the essential fact, while it appears quite probable that it concerns or has relation to such a device or scheme.

Bishop defines a lottery as "any scheme whereby one, on paying money or other valuable thing to another, becomes entitled to receive from him such a return in value, or nothing, as some formula of chance may determine." Bishop, Statutory Cr. (2d Ed.) § 952. And for a critical discussion of the subject, see Quatsoe v. Eggleston, 42 Or. 315, 71 Pac. 66.

But, however the relationship may appear, I am of the opinion that the existence should be set forth by apt allegations. True, the mailing of a publication containing an advertisement of a list of prizes awarded, or any part of such list, is a violation of the statute. But the scheme must have been in existence, as without this there can be no list succeeding the drawing.

The demurrer will be sustained.